IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY GAMACHE, | ) | 4:10CV3256 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE U.S. FEDERAL | ) | |
| GOVERNMENT, THE RUSSIAN | ) | |
| FEDERATION, U.S. MILITARY | ) | |
| INTELLIGENCE, THE FBI, THE | ) | |
| U.S. ARMY, and THE C.I.A., as | ) | |
| officers Ingrid and Gretchen, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 21, 2010. (Filing No. 1.) However, Plaintiff failed to name a Defendant and the court required Plaintiff to supplement his Complaint to correct this deficiency. (Filing No. 10.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 16.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on December 21, 2010, and his Amended Complaint on January 24, 2011, against various entities including the United States Government and "The Russian Federation." (Filing No. 1 at CM/ECF p. 1; Filing No. 14.) Plaintiff's allegations are nearly impossible to decipher. The seven-page Complaint, and over 400 pages of supplemental documentation submitted by Plaintiff, consist of, at best, nonsensical and illegible statements regarding "odd and strange electronic harassment," "frequencies," cases at "The Hague," various patents, Russian and German spies, various electronic "systems," "brain reading devices," and

numerous other issues. (Filing No. 1; *see also* Filing Nos. 11 and 12.) Plaintiff repeatedly states that his claims are "real," and that "[t]hese patents are real, these court cases are real, these laws are real. What I'm dealing with is real." (Filing No. 1-1, Attach. 1 at CM/ECF p. 5.) As best as the court can tell, Plaintiff believes that he is being "electronically harassed" and "punished" by someone in "military intelligence." (*Id.* at CM/ECF pp. 7-8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state

a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint and Amended Complaint. As set forth above, Plaintiff's allegations are difficult to decipher. The allegations which the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by Defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West,* 487 U.S. at 48; *Buckley,* 997 F.2d at 495. Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous and nonsensical. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). This matter is therefore dismissed.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

3.    The Clerk of the court is directed to return all exhibits maintained in the Clerk's office to Plaintiff at his last known address.

DATED this 14th day of March, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.